■ The People of the State of New York, Respondent, v Basil Cocheekaran, Appellant. [913 NYS2d 18]—

Judgment, Supreme Court, Bronx County (Steven Lloyd Barrett, J.), rendered December 12, 2008, convicting defendant, upon his plea of guilty, of criminal sale of a firearm in the first degree, and sentencing him to a term of 12 years, unanimously affirmed.

Defendant, who was facing a maximum sentence of 25 years if convicted after trial, entered into a plea agreement where he

was to receive no more than 16 years, but would be eligible for a much more lenient disposition if he complied with certain terms of the agreement. There was an extensive plea colloquy, in which the court, counsel, and the prosecutor thoroughly explained to defendant his duties under the agreement and the danger that if he could not fulfill those duties, he would receive the full sentence set forth. Defendant failed to produce the results called for in the agreement, and received a 12-year sentence.

Prior to sentencing, defendant obtained new counsel and moved to withdraw his guilty plea on the ground that it was not knowing, intelligent or voluntary because he had not been effectively represented by prior counsel. At sentencing, after reviewing the relevant facts concerning the plea colloquy and subsequent events, the court denied defendant's motion to withdraw his guilty plea. The court found that defendant "was mature and intelligent enough to make the choices that he made" and that his plight was due to his own choices.

The record does not cast any legitimate doubt on the effectiveness of prior counsel. Defendant has not substantiated his assertion that, before advising his client to take the plea, prior counsel inadequately inquired into whether defendant was actually capable of complying with the plea conditions. Moreover, by accepting the plea after the court's thorough warnings, defendant implicitly agreed that he expected to be able to satisfy the plea conditions, and he assumed the risk that if he did not succeed he would lose the benefits of the agreement. "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases" (*Hill v Lockhart*, 474 US 52, 56 [1985] [internal quotation marks omitted]). Regardless of whether another attorney might have advised against taking this plea, defendant has not shown that his counsel's advice was outside the required range of competence. We note, too, that the motion papers did not include any affidavit from either prior counsel or defendant, let alone one setting forth what defendant told prior counsel, what prior counsel told defendant or explaining why defendant had failed to fulfill his duties under the plea agreement. Under these circumstances, defendant did not establish that he received ineffective assistance of counsel in connection with his plea (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Concur—Gonzalez, P.J., Andrias, Nardelli, McGuire and Abdus-Salaam, JJ.